Citation Nr: 1743986 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 12-27 966 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to an increased rating for a low back disability, currently rated as 20 percent disabling. 

2. Entitlement to an increased rating for right lower extremity radiculopathy, secondary to service-connected low back disability, rated at 40 percent prior to September 27, 2016, and 20 percent from that date.

3. Entitlement to an increased rating for left lower extremity radiculopathy, secondary to service-connected low back disability, rated at 20 percent from June 7, 2012 to April 24, 2013; 30 percent from April 25, 2013 to January 31, 2016; and 10 percent from February 1, 2016. 


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

E. Alexander Neff, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the Army from August 1978 to June 1979. 

This matter comes before the Board of Veteran's Appeals (Board) from a January 2011 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in Denver, Colorado which continued a 20 percent disability rating for service-connected low back disability. Subsequently, rating decisions granted service connection for radiculopathy of both lower extremities and assigned initial ratings. Thereafter, additional rating decisions reduced the ratings assigned for the radiculopathy of the lower extremities. 

In an August 2012 rating decision, the Veteran was granted service connection for right lower extremity radiculopathy secondary to her low back disability. Her right lower extremity radiculopathy has been rated at 40 percent from August 25, 2006, and 20 percent from September 27, 2016. In a July 2013 rating decision, the Veteran was granted service connection for left lower extremity radiculopathy secondary to her low back disability. Her left lower extremity radiculopathy has been rated at 20 percent from June 7, 2012, 30 percent from April 2013, and 10 percent from February 1, 2016. 

The Veteran testified before the undersigned at a Video Conference hearing in February 2017; a transcript of which is associated with the record. 

The issues of the ratings for right and left leg radiculopathy are considered by the Board to be an aspect of the Veteran's claim for an increased rating for low back disability. As such, the Board assumes jurisdiction over these claims in order to properly adjudicate the matter before it.
 
The Veteran's claim for entitlement to service connection for PTSD was granted by the RO in the September 2016 rating decision. This represents a full grant of the benefits sought, and as such the matter is no longer on appeal before the Board. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Regarding the Veteran's claim for a higher rating for her lumbar spine disability, the Board must consider this case in light of the Court of Appeals for Veterans Claims (Court) decision, Correia v. McDonald, 28 Vet. App. 158 (2016). Additionally, at the February 2017 hearing, the Veteran testified that her right and left lower extremity radiculopathy had worsened. As such, the Board observes that an additional VA examination to determine the current severity of the Veteran's bilateral lower extremity radiculopathy and low back disability is necessary for the proper adjudication of these claims. 

Accordingly, the case is REMANDED for the following action:

1. Please obtain all outstanding records of VA and non-VA treatment.

2. Thereafter, please arrange for VA examinations to evaluate the nature and severity of her service-connected degenerative disc disease and degenerative joint disease of the thoracolumbar spine and her associated right and left lower extremity radiculopathy:

a. The examiner is requested to provide all pertinent orthopedic and neurological manifestations and symptomatology of the service-connected lumbar spine disabilities; and
b. Please test the Veteran's range of motion in active motion, passive motion, and, if possible, in weight-bearing and nonweight-bearing. If the examiner is unable to conduct any of the required testing or concludes that the required testing is not necessary in this case, it should be clearly explained as to why; and
c. Please describe in detail the functional limitations caused by the lumbosacral spine disability with bilateral radiculopathy as they may relate to the Veteran's ability to function in a work setting and to perform work tasks.

The claims file should be made available to and reviewed by the examiner. All indicated tests and studies should be undertaken. The examiner must explain the rationale for all opinions rendered, citing to supporting factual data and/or medical literature, as appropriate.

3. Finally, please readjudicate the claim, to include readjudication of the radiculopathy ratings of the right and left lower extremities. If the claim remains denied, issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).